# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 02, 2015

## LESTER G. MURPHY, SR. v. STATE OF TENNESSEE CHILD SUPPORT SERVICES

### Appeal from the Juvenile Court for Humphreys County
### No. J851107     Haylee Ann Bradley-Maples, Judge

_____

### No. M2014-02182-COA-R3-JV – Filed December 7, 2015
_____

A mother and father were divorced in 1993, and the mother was granted custody of the two children born of the marriage; the father was ordered to pay child support for their two children in the amount of $50 per week.  In 1997 the children came into the custody of their maternal grandfather, and in 2007, the Tennessee Department of Human Services Child Support Division filed a petition to set child support against the father.  After a hearing in February 2008 that the father did not attend, the trial court entered an order in March that increased his monthly support obligation and declared that he owed more than $31,000 in arrearages.  Thereafter the father filed a *pro se* petition to modify the support order, asserting that the March 2008 order was defective; his petition was dismissed.  On appeal to this court we held that the father was entitled to relief and vacated the order. The father thereafter filed a Motion for Further Relief in the trial court seeking reimbursement of child support payments he made pursuant to the March 2008 order; after a hearing on the motion, the court entered an order in accordance with the Court of Appeals' opinion and denied father's motion for further relief.  Father appeals; finding no error, we affirm the judgment of the juvenile court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J. joined.

Lester G. Murphy Sr., Clarksville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Rebekah A. Baker, Senior Counsel, Nashville, Tennessee, for the Tennessee Department of Human Services, Child Support Division.

## MEMORANDUM OPINION[1]

This case comes before us for the second time. The salient facts are set forth in the prior opinion:

> Lester G. Murphy Sr. (Father) and Ellen Baker (Mother) married in 1990. They subsequently became the parents of two boys, born in 1991 and 1992. Their marriage ended on August 20, 1993, with a divorce decree from the Chancery Court of Humphreys County. The divorce decree gave Mother "the absolute care, custody and control of the minor children of the parties." Father was granted visitation and was ordered to pay $50 a week in child support.
>
> . . . In September of 1996, the younger child came under the care of Mother's father Larry Baker ("Mr. Baker") and Mr. Baker's wife. . . .
>
> On May 8, 1997, Mr. Baker filed an emergency petition in the Humphreys County Juvenile Court "for temporary custody of a child." The following day, the court entered an order granting him temporary custody of both children. After a subsequent hearing, the court ordered that custody of the two children remain with Mr. Baker, and it reserved the question of child support. Father stated at oral argument that he was not notified of any of these proceedings and that he was not named as a party or even mentioned at all in any of the orders filed in 1997 and 1998. He stated at oral argument that he was not even aware at the time about the transfer of custody to Mr. Baker. The Department does not dispute the lack of notice to Father of the change of custody. . . .
>
> In 2007, Father returned to Tennessee to live. In that same year, a petition to set support was filed in the Juvenile Court of Humphreys County by

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

State of Tennessee, Department of Human Service, ex rel. Larry Baker.[2] A hearing on the petition was conducted on February 5, 2008, at which Father was apparently not present. The court's order, entered on March 5, 2008, announced that its decision was based on "statements of Counsel for the State and the entire record in this matter," and recited that "the petition to set support was served upon the Respondent on December 20, 2007."

The order also stated that Father had a duty to pay child support for his children, and it set Father's current support obligation at $333 a month until the children emancipate or until further orders of the court. The court also found that Father owed "back support" in the amount of $31,635, and ordered him to pay that amount off at the rate of $67 per month. There is no indication in the order as to how the court arrived at those figures.

On July 12, 2012, Father filed a *pro se* Petition to Modify Child Support or Arrearages Due to Mistake or Fraud. He asserted that the 2008 support order was fatally defective because it did not follow the procedures that are required to modify a child support order and, therefore, that the 1993 child support order remained the only valid one. The trial court conducted a hearing on Father's petition, and on October 17, 2012, entered an order declaring that the 2008 child support order was valid and dismissing the petition.

*Murphy v. State Child Support Servs.*, No. M2012-02514-COA-R3-JV, 2014 WL 1715092, at *1-2 (Tenn. Ct. App. Apr. 29, 2014) (footnotes omitted).

Mr. Murphy appealed. After addressing a procedural matter, we held that the court had no authority to set a child support obligation in the March 2008 order in light of the existing divorce decree that established Mr. Murphy's support obligation. *Id.* at *5. We proceeded to determine that the trial court erroneously applied the child support guidelines in modifying his obligation, vacated the judgment, and remanded the case "for any further proceedings necessary." *Id.* at *6.

---

[2] In the original opinion, Footnote 3 read:

The State's Petition to Set Support is not found in the record. However, Tennessee Code Annotated § 71-3-124(c)(2) provides that, when an individual receives assistance under Title IV-D, the State may file any legal action to "establish, modify or enforce child or spousal support," and that the State becomes the assignee of any right of support to which that individual is entitled. We therefore presume that Mr. Baker received assistance from the State for the benefit of his grandchildren.

On remand, Mr. Murphy filed a Motion for Further Relief, in which he sought to recover the amounts he had paid pursuant to the March 2008 order,[3] to which the Department responded; a hearing was held on July 24, 2014. Although no order had been entered by the court, Mr. Murphy filed a Motion to Reconsider on August 5, 2014, which was heard on September 4.[4] The Juvenile Court issued an order on September 25, holding as follows:

> IT IS THEREFORE ORDERED that the Juvenile Court orders and petitions and all other Juvenile Court proceedings are hereby vacated in accord with the ruling of the Court of Appeals.
> IT IS FURTHER ORDERED that the State shall not be ordered to repay the Respondent the child support paid through the State in the juvenile case at bar by this Court based upon Tenn. Code Ann. § 36-5-101(a)(7).
> IT IS FURTHER ORDERED that the remainder of the Respondents Motion for reconsideration is dismissed.
> IT IS FURTHER ORDERED that the Respondents Motion for Further Relief shall be dismissed.

Mr. Murphy timely appealed and articulates the following issues for our review:

1) Whether the Juvenile Court erred in its interpretation and application of TCA 36-5-101(a)(7).
2) Whether the Juvenile Court erred in denying Appellant's request for further relief.
3) Whether retention of money paid to the State is in violation of Appellant's Constitutional rights to due process.

---

[3] The motion Mr. Murphy filed is not included in the record on appeal. In his brief, Mr. Murphy states he "requested an order for the return of funds he paid to the Child Support Enforcement Agency." On its part, the Department of Human Services ("the Department") states that Mr. Murphy sought "reimbursement of the payments he had made under the vacated order."

[4] There is no order in the record specifically reciting the action taken by the court at the July 24 hearing or a transcript of the hearing. In his brief, Mr. Murphy states that the court:

> . . . sua sponte instructed the State's Attorney to recalculate the Chancery Court Support Order from its inception until appellant's children reached majority. The Juvenile Court further instructed the State to incorporate the Humphreys County Clerk's payment records from the Chancery Court order and mathematically determined, if any, credit was due Appellant or arrears were due the State. The State did not object to the possible return of overpayments to Appellant.

In its brief, the Department states that the motion was "apparently denied, because Petitioner then filed a motion to reconsider the denial, asserting that '[n]either the State nor this court have standing to retain funds paid by Petitioner pursuant to a vacated order." The September 25 order, which we shall discuss *infra*, disposed of all pending matters.

## I. STANDARD OF REVIEW

Our review of a court's findings of fact is *de novo* with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

## II. APPLICATION OF TENN. CODE ANN. § 36-5-101(a)(7)

Mr. Murphy seeks a money judgment against the Department for the funds he paid, contending that, based on the Court of Appeals' previous opinion in this case, the Department "has no standing to retain the funds paid to Child Support Enforcement" and that "[t]he State has no judgment, order, or warrant to justify retaining the funds paid by appellant," thus entitling him to reimbursement of his child support payments.

In denying Mr. Murphy's motion, the trial court held that "the State shall not be ordered to repay the Respondent the child support through the State in the juvenile case at bar by this Court based on Tenn. Code Ann. § 36-5-101(a)(7)."[5] Mr. Murphy does not argue or cite any authority contrary to the trial court's holding that the statute barred recovery from the State; in our analysis, the statute is dispositive of his contention that the court erred. The statute cannot be clearer; the State is not liable to compensate Mr. Murphy, by reimbursement or otherwise, for the amounts he paid as child support pursuant to the 2008 order. *See White v. State ex rel. Armstrong*, No. M1999-00713-COA-R3-CV, 2001 WL 134601, at *4 (Tenn. Ct. App. Feb. 16, 2001).[6]

---

[5] Tenn. Code Ann. § 36-5-101(a)(7) states:

> The state of Tennessee, its officers, employees, agents or contractors, any counties, county officials, the clerks of any court, or any Title IV-D child support enforcement agency shall not be liable, in any case, to compensate any person for repayment of child support paid or for any other costs, as a result of the rescission pursuant to § 24-7-113 of any voluntary acknowledgment [of paternity], or the rescission of any orders of legitimation, paternity, or support.

[6] Sovereign immunity is an additional ground for denying Mr. Murphy's motion. "The doctrine of sovereign immunity divests the courts of subject matter jurisdiction over suits against the state for money damages unless the State has consented to these suits." *White v. State ex rel. Armstrong*, No. M1999-00713-COA-R3-CV, 2001 WL 134601, at *3 (Tenn. Ct. App. Feb. 16, 2001) (citing *Shell v. State*, 893 S.W.2d 416, 420 (Tenn. 1995); *Pool v. State*, 987 S.W.2d 566, 568 (Tenn. Ct. App. 1998)). Mr. Murphy does not rely on, and our research has not revealed, a statute which would authorize suit against the State for reimbursement of child support payments.

Our holding that the court properly applied Tenn. Code Ann. § 36-5-101(a)(7) pretermits our consideration of the second issue raised by Mr. Murphy, i.e., whether the court erred in denying his motion for further relief.

## III.    DUE PROCESS

Mr. Murphy contends that the retention of his child support payments violates his "Constitutional rights to due process." Citing *State ex rel. Phillips v. Phillips*[7] he argues:

> The Juvenile court's order to Appellant to pay the funds in question and the State's ensuing authority to demand those funds were acts done by operation of law. Whatever due process Appellant was entitled to pertaining to said Order and demand has been vacated by This Court and has the first impression appearance of being vacated on due process grounds. This leaves the proceedings, which validated said Order and demand, absent the necessary due process to which Appellant is entitled concerning the taking of his property by operation of law.
>
> Appellant has paid, under duress, in excess of $17,000 to Child Support Enforcement and said agency has no valid judgment, order, or warrant to retain said payments. Deliberate retention of Appellant's property can properly be viewed as a punitive action absent the jurisdiction and due process required in rendering a punitive action. There have been no other matters before the Juvenile Court to exercise a continuing jurisdiction over him.

The essence of Mr. Murphy's argument, as we perceive it, is that the proceedings in the juvenile court on remand did not afford him due process because the court lacked jurisdiction and because the court retained his property, i.e. his money paid as child support, when the court did not order that he be reimbursed.

---

[7] In *State ex rel. Phillips v. Phillips,* we stated:

> The Fourteenth Amendment to the United States Constitution provides, in relevant part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law...." Article I, section 8 of the Tennessee Constitution states that "no man shall be ... deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." The phrase "law of the land" is synonymous with the phrase "due process of law" found in the Fourteenth Amendment.

E2012-01957-COA-R3-CV, 2013 WL 1803958, at *4 (Tenn. Ct. App. Apr. 30, 2013) (internal citations omitted) (quoting *C.S.C. v. Knox County Bd. of Educ.*, E2006-00087-COA-R3-CV, 2006 WL 3731304, at *9 (Tenn. Ct. App. Dec. 19, 2006)).

As to the jurisdictional issue, Mr. Murphy is mistaken. Tenn. Code Ann. § 37-1-104(d)(1)(A) states, "The juvenile court has concurrent jurisdiction and statewide jurisdiction with other courts having the jurisdiction to order support for minor children and shall have statewide jurisdiction over the parties involved in the case." This Court has interpreted the authority of the juvenile courts as follows: "The juvenile courts have broad statutory authority . . . to issue orders setting, modifying, or even terminating child support." *White,* 2001 WL 134601, at *2 (citing Tenn. Code Ann. §§ 36-5-401, -701, -2101, 37-1-104(d)). Thus, the juvenile court had subject matter jurisdiction over this child support case. During the appeal, jurisdiction was vested in this court and, upon our remand, the juvenile court regained jurisdiction over the case and the parties, and thus had the authority to rule on Mr. Murphy's motions.[8]

Mr. Murphy makes no reference to the record, as required by Tenn. R. App. P. 27(a)(7)(A), or to any facts to support his contention that he was deprived of due process.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Heyne v. Metro. Nashville Bd. of Pub. Educ.*, 380 S.W.3d 715, 732 (Tenn. 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The record before us shows that, after entry of the March 2008 order, Mr. Murphy filed a petition for relief and, upon the denial of the same, appealed to this court and succeeded in having the judgment vacated. When the case returned to the trial court, he filed a motion seeking reimbursement of amounts he had paid pursuant to the vacated order. The juvenile court considered his motion and argument and, on the basis of the applicable statute and law, denied him relief. It is this order which we review in this opinion.

Nothing in our earlier opinion, the record before us, or Mr. Murphy's brief on appeal indicates that Mr. Murphy was deprived of his day in court or of an opportunity to be heard. The fact that the law does not afford him the relief he seeks in the circumstances presented does not equate to a denial of his right to due process of law.

---

[8] Mr. Murphy notes in his brief that "The Juvenile Court agreed with Appellant's position that it had in fact lost jurisdiction over Appellant as that jurisdiction was vacated by This Court in the previous appeal." Our opinion in the first appeal vacated the judgment of the juvenile court; it did not make a determination that the court was without jurisdiction.

**V. CONCLUSION**

For the foregoing reasons, the judgment of the juvenile court is affirmed. This case is remanded to the juvenile court for further proceedings as may be necessary. Costs on appeal are taxed to Mr. Murphy.

                                           _____

                                           RICHARD H. DINKINS, JUDGE